[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-15542
_____

BIA Nos.
A70-693-916
A70-693-917

FILED
U.S. COURT OF APPEALS
ELEVENT CIRCUIT
APR 6, 2006
THOMAS K. KAHN
CLERK

TERESA GARRIDO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(April 6, 2006)**

Before TJOFLAT and HULL, Circuit Judges, and RESTANI[*], Judge.

PER CURIAM:

Teresa Liliana Garrido ("Mrs. Garrido") petitions for review of the Board of

_____

[*]Honorable Jane A. Restsani, Chief Judge, United States Court of International Trade, sitting by designation.

Immigration Appeals' order denying her application for asylum and withholding of removal. After review and oral argument, we deny her petition.

Mrs. Garrido and Jamie Alfonso Garrido, along with their son, Jonnathan Jamie Garrido ("the Garridos"), are natives and citizens of Peru.[1] The Garridos concede that they are removable as charged in the Notices to Appear for remaining in the United States longer than permitted. However, they applied for asylum and withholding of removal primarily based on alleged persecution by the Shining Path.[2]

Before the Immigration Judge ("IJ"), the Garridos presented testimonial and documentary evidence purporting to show that they had suffered persecution at the hands of the Shining Path between January, 1983 and July, 1985. Specifically, Mrs. Garrido claimed that between those dates, the Garridos: (1) received three threatening notes from members of the Shining Path including slogans such as "long live the armed struggle" and "death to the imperialists"; (2) received two threatening phone calls from the Shining Path; (3) had their car vandalized and painted with Shining Path slogans and then completely destroyed in two incidents;

---

[1]Garrido's husband and son also seek asylum. However, their claims are derivative of Garrido's claim.

[2]Sendero Luminoso, or the Shining Path, is a Maoist/Communist guerilla organization, founded around 1980, which opposes the current Peruvian government. The Shining Path commits terrorist acts against both government officials and civilians.

and (4) on two occasions, were burglarized at gunpoint by masked members of the Shining Path who stole thousands of dollars, threatened to kill them, and on one occasion set fire to fabric used in their business.

After reviewing the testimonial and documentary evidence presented by petitioner in support of her claim, the IJ explicitly found that neither the Garridos nor their documentary evidence were credible. The IJ stated, for example, that "the Court does not find Mr. and Mrs. Garrido to be credible." The IJ also found that "[t]here were several serious believability problems with these cases," and explained her adverse credibility finding in great detail. For example, the IJ stated:

> The Court finds Respondents lack credibility based on the following reasons. First, lead Respondent entered the United States in 1985, and yet did not apply for asylum until November 12, 1993, over eight years later. . . .
>
> Respondent also failed to initially disclose information concerning her husband's last entrance into the United States. Respondent submitted two asylum applications to the Court. Respondent signed both of these applications, swearing that its [sic] contents were true. However, Respondent did not state on either of these applications that her husband entered the United States without inspection in 1989. In fact, Respondent claimed that Mr. Garrido last entered the United States on February 9, 1986. Respondent also submitted a personal statement along with her asylum application. The personal statement makes no mention of Mr. Garrido's entry without inspection, and appears to have purposefully omitted it. Respondents also failed to disclose Mr. Garrido's entry without inspection at the master calendar hearing. . . . The Court also seriously questions why Mr. Garrido would even return to Peru, considering that the Garridos claim they were persecuted there. . . . .
>
> Respondent gave conflicting information about some of the

3

> Shining Path incidents. . . . Respondent was . . . unclear about how many calls she received from the Shining Path. Respondent testified that she received two calls from the Shining Path, one in July of 1983, and the other in November of 1984. At one point in her testimony, though, Respondent said that she only received one such threatening call. Lastly, Respondent was inconsistent about her reasons for leaving Peru . . . .
>
> The Court also found difficulties with [the Peruvian police reports Garridos presented as evidence of their encounters with the Shining Path]. . . . The forensics lab noted several problems with the reports. First, the forensics lab was unable to authenticate the reports. Second, the forensics lab found that the police reports were not entirely consistent with the way such reports customarily are prepared. For example, the reports were not prepared by a clerk or sergeant, perceptibly lack detail, and contained no fee payment stamp. Additionally, one of the police reports mentioned threatening letters, but the letters were not submitted along with the report for examination.

IJ's Decision, July 10, 2003, at 9-11 (internal citations omitted). The Board of Immigration Appeals adopted and affirmed the IJ's decision on September 30, 2004.

"It is the duty of the fact finder to determine credibility, and we may not substitute our judgment for that of the IJ with respect to credibility findings. Thus, the IJ's administrative findings of fact are conclusive unless a reasonable factfinder would be compelled to conclude to the contrary." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005) (internal citation omitted). After review of the record and the IJ's decision, we find that the IJ's detailed explanation for its adverse credibility finding is supported by substantial evidence. See D-Muhumed

4

v. U.S. Att'y Gen., 388 F.3d 814, 819 (11th Cir. 2004).

Although an IJ's adverse credibility finding may alone represent sufficient basis to affirm the IJ's decision, "an [IJ's] adverse credibility finding does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant," and "the IJ must still consider all evidence introduced by the applicant." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).  Here, however, the IJ found that both the Garridos' testimony and the Garridos' documentary evidence were unreliable, findings which were supported by substantial evidence. As such, the IJ did not err in denying the petition for asylum, and we have no occasion to review whether the Garridos' alleged encounters with the Shining Path rise to the level of past persecution or whether the Garridos have a well-founded fear of future persecution by the Shining Path.

We affirm the decisions of the IJ and BIA and deny the petition for review.

PETITION DENIED.